O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYAN MARTIN MEZA, | Case No. 2:19-cv-10297-FMO-KES |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |
| DEAN BORDERS, et al., | |
| Defendants. | |

**I.**

**BACKGROUND**

In December 2019, Brayan Martin Meza ("Plaintiff"), an inmate housed at the California Institute for Men in Chino ("CIM"), filed a civil rights complaint under 28 U.S.C. § 1983 against two CIM staff members: (1) Dean Borders, the warden, and (2) correctional officer ("CO") S. Lopez-Briseno. (Dkt. 1.) The Court screened the complaint <u>sua</u> <u>sponte</u> in compliance with the Prison Litigation Reform Act and, on January 23, 2020, dismissed it for failure to state a claim. (Dkt. 7.) The Court gave Plaintiff until February 21, 2020 to file a First Amended Complaint ("FAC"). (<u>Id.</u> at 4.)

On January 27, 2020, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP"). (Dkt. 9.) As of the date of this order, Plaintiff has neither filed a FAC nor requested an extension of time to do so.

## II.
## DISCUSSION

**A. Legal Standard.**

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Local Rule 41-1 provides that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court must consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

**B. Analysis.**

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor— the Court's need to manage its docket—favors dismissal here because Petitioner's "noncompliance has caused [this] action to come to a complete halt, thereby

allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted).

The third factor—prejudice to Defendants—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors. Because this Court dismissed the complaint on screening, Defendants have not been served. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("[T]he government has not been ordered to respond to Pagtalunan's habeas petition. We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served). On the other hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643.

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court granted Plaintiff leave to amend his complaint or to file a notice of intent to proceed with the Complaint, and warned him that failing to exercise one of those two options could result in dismissal for lack of diligent prosecution. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—is the only factor that arguably weighs against dismissal here. Pagtalunan, 291 F.3d at 643. However, the effect of this factor is somewhat mitigated because, as discussed in the order dismissing the complaint with leave to amend, Plaintiff has currently failed to state a claim. (See Dkt. 7 [finding that the complaint did not

plead sufficient facts to state an Eighth Amendment failure-to-protect claim against CO Lopez-Briseno or Warden Borders].)

Given that the enumerated factors largely support dismissal, it is recommended that this action be dismissed pursuant to Rule 41(b) and Local Rule 41-1. The Court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise," a dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits absent exceptions that are not relevant here.); Local Rule 41-2 ("Unless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice."); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, the action should be dismissed in its entirety without prejudice.

//
//
//
//
//
//
//

# III.
# CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED: March 19, 2020

                                          _____/s/_____
                                          FERNANDO M. OLGUIN
                                          UNITED STATES DISTRICT JUDGE

Presented by:

_/s/ Karen E. Scott_____
KAREN E. SCOTT
United States Magistrate Judge

5